UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CALVIN C. CALDWELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 15-43-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY STATE POLICE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Calvin C. Caldwell, Jr., is an inmate presently confined at the Mansfield Correctional Institute in Mansfield, Ohio. Proceeding without an attorney, Caldwell has filed a civil rights action pursuant to 42 U.S.C. § 1983. [Record No. 1] The Court conducts a preliminary review of Caldwell's Complaint because he has been granted permission to pay the filing fee in installments and asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A.

A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Caldwell's Complaint is reviewed under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts the plaintiff's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

On February 11, 2013, Caldwell was driving north through Laurel County, Kentucky, with Burke Webb. While traveling on Interstate 75, Kentucky State Police ("KSP") Officer Owens stopped the vehicle. Caldwell alleges that Officer Owens never advised him of the reason for the stop but, instead, directed Webb to exit the vehicle. Owens then proceeded to question Webb for nearly ninety minutes. [Record No. 1, p. 4] Thereafter, Officer Owens radioed for assistance and an unknown KSP Officer ("John Doe #1") arrived. Caldwell asserts that Officer Owens then directed him to exit the vehicle, took $2,200.00 from him, and questioned him for approximately thirty minutes. *Id*.

Officer Owens next requested that a police dog be brought to the scene. Two hours later, the police dog and its handler arrived. According to Caldwell, the dog "worked" the vehicle three times. After the vehicle was searched, Webb and Caldwell were arrested and transported to the KSP barracks in London, Kentucky on unspecified charges. [*Id.*] The next day, Caldwell posted a $10,000.00 cash bond and was released. Caldwell indicates that Officer Owens did not appear for his arraignment on February 13, 2013. As a result, the charges against him were dismissed. On July 29, 2013, Caldwell filed a motion to recover the $2,200.00 seized on the date of the arrest and the $10,000.00 cash bond, but only the latter was returned. [*Id.*, p. 5] Caldwell states that in December 2013 he hired attorney Kenneth Sizemore to recover the additional cash that had been seized.

Caldwell states that a prior lawsuit was filed on November 25, 2014, regarding these events. [*Id.*, pp. 2–3] In *Caldwell v. United States of America*, No. 6:14-CV-225-DLB (E.D. Ky. 2014), Caldwell seeks a writ of mandamus and/or procedendo to compel a final resolution of the criminal case in Laurel County, *Commonwealth v. Caldwell*, No. 13-CR.00111-002, as

well as the return of the same $2,200.00 that is the basis for this action.  In the complaint filed in that case, Caldwell asserts that he received a certified copy of an order showing that the Laurel Circuit Court had dismissed the case on May 17, 2013.  [*Caldwell*, No. 6:14-CV-225-DLB (E.D. Ky. 2014), Record No. 1, pp. 1, 3]  On September 18, 2014, the Laurel Circuit Court entered an Order indicating that "this case shall remain dismissed as fugitive status[1] pursuant to the Court's Order of 10/29/13, with leave for the Commonwealth to redocket." [*Caldwell*, No. 6:14-CV-225-DLB (E.D. Ky. 2014), Record No. 1-1, p. 1]  In October 2014, Caldwell sent a letter and motions to the Laurel Circuit Court seeking to compel a formal resolution of charges under Ohio Rev. Code Ann. § 2941.401 because a detainer filed in June 2013 by Kentucky authorities remained lodged with Ohio authorities even after the dismissal of the Kentucky charges.  [*Id.*, pp. 3–5]  This federal action remains pending for initial screening.

In the present action, Caldwell asserts that, under 42 U.S.C. § 1983, the KSP and the two arresting officers violated his constitutional rights by seizing the $2,200.00.  He alleges that the seizure and retention of the money violates his rights under the Fourth, Fifth, and Fourteenth Amendments, *id.*, and seeks $2,200.00 in damages, attorney's fees in the amount of $2,000.00, and interest.  [*Id.*, p. 6]  These claims will be dismissed for several reasons.

First, the Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official

---

1    On March 12, 2014, Caldwell was placed in the Mansfield Correctional Institution to serve a 30 month term of incarceration for drug trafficking in Richland County, Ohio.  This prison term is set to expire on June 28, 2016.  *See* http://goo.gl/efzLZF (last visited July 14, 2015).

capacities. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143–45 (1993); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009). It is well-established that the Kentucky State Police constitutes an "arm of the state" for Eleventh Amendment purposes. *See Kenney v. Paris Police Dept.*, No. 5:07-CV-358-JMH, 2011 WL 1582125, at *4–5 (E.D. Ky. Apr. 26, 2011) ("The Sixth Circuit has previously recognized the Kentucky State Police is entitled to governmental immunity under the Eleventh Amendment.") (*citing Barnes v. Hamilton*, No. 91-5360, 1991 U.S. App. LEXIS 24593, at *4 (6th Cir. Oct. 10, 1991)); *McCrystal v. Kentucky State Police*, No. 6:07-434-DCR, 2008 WL 4975109, at *3 (E.D. Ky. Nov. 20, 2008) (KRS § 16.060 establishes KSP as state agency for Eleventh Amendment purposes). Additionally, states, state agencies, and state officials sued in their official capacities for monetary damages are not considered "persons" within the meaning of 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). As a result, the claims against the Kentucky State Police must be dismissed.

Next, Caldwell's claims against KSP Officers Owens and "John Doe #1" are barred by the applicable statute of limitations. Because 42 U.S.C. § 1983 does not supply its own statutory limitations period, federal courts borrow the most analogous statute of limitations from the state where the events giving rise to the cause of action occurred. *Wilson v. Garcia*, 471 U.S. 261, 268–71 (1985). The events at issue occurred in Kentucky. Therefore, Kentucky's one-year statute of limitations for asserting claims for personal injuries applies. KRS § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). A claim accrues and the statute of limitations begins to run when a plaintiff knows, or has reason to

know through the exercise of reasonable diligence, of the injury providing the basis for the claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005).

Caldwell claims that his funds were taken on February 11, 2013. Notwithstanding his July 29, 2013 motion, the Laurel Circuit Court did not order the funds returned and the charges against him were dismissed. At this time, and certainly no later than December 2013 when Caldwell retained counsel to seek the return of the funds, Caldwell was actually aware of the basis for his claim. But he did not file this action until March 16, 2015. [Record No. 1] Using December 2013 as the latest viable time for accrual of his claims, Caldwell has failed to file this action within the one-year limitations period. Therefore, his claims against arresting KSP Officers Owens and "John Doe #1" for confiscation of his funds are time-barred. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

Additionally, Caldwell's nonspecific reference to the Fifth Amendment suggests a claim under the Takings Clause. However, the seizure of private property during the course of a criminal investigation does not implicate the Fifth Amendment. *Smith v. Lexington-Fayette Urban Cnty. Gov't*, 2011 WL 1792130, at *6 (E.D. Ky. May 9, 2011) (*citing Laguna Gatuna, Inc., v. United States*, 50 Fed. Cl. 336, 341 (Fed. Cl. 2001) ("[S]eizure of private property implicated in the commission of crimes is not viewed through the prism of the takings clause."). Further, Caldwell's allegations are insufficient to state a claim for a violation of his due process rights under the Fourteenth Amendment because he does not contend that Kentucky's post-deprivation procedures are unavailable or inadequate as a mechanism to seek the return of his money. *Rothhaupt v. Maiden*, 144 F. App'x 465, 471–72 (6th Cir. 2005)

(citing *Mitchell v. Fankhauser*, 375 F.3d 477, 481–84 (6th Cir. 2004)). Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Calvin C. Caldwell, Jr.'s Complaint [Record No. 1] is **DISMISSED**, with prejudice.

2. A corresponding Judgment will be entered this date.

3. This is a **FINAL** and **APPEALABLE** Order and there is no just cause for delay.

4. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 16th day of July, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge